Mario Pitioni, J.
The corporate defendants, Art Loom Industries, Inc., and Trans United Industries, Inc. (really successive names of the same corporation), move in the alternative for summary judgment under rule 113 of the Rules of Civil Practice for judgment on the pleadings under' rule 112, and to dismiss the complaint for insufficiency under subdivision 4 of rule 106. The plaintiff, in turn, moves to strike certain paragraphs from the defendants ’ answer.
The first cause of action is for damages allegedly sustained by the plaintiff by reason of fraud claimed to have been committed by defendants. This fraud allegedly induced the plaintiff to purchase stock of the defendant corporations to his loss. For a second cause of action, he claims he was damaged in his business standing as a result of such acts.
The facts presented to the court by the plaintiff are meagre. However, the principal contention of the moving corporate defendants, that no act done by the individual defendants can be found to have been done on behalf of the corporations, is one which could only be determined when all the available proof is before the court, or is adduced by examination before trial or by testimony at a trial. The facts as to this aspect of the litigation are wholly within the defendants’ knowledge, and it appears that at least one of the individual defendants, Marcus, held some position with the defendant corporations at the times referred to in the complaint. Under these circumstances the motion for summary judgment must be denied. (De France v. Oestrike, 8 A D 2d 735 [2d Dept.].) In the De France case the court said: “ A motion for summary judgment should not be granted. 1 If the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly *874 not within the knowledge of the opponent ’ (Tripp, A Guide to Motion Practice, § 95, subd. 6, p. 280).”
Heretofore Mr. Justice Livoti, in passing upon a motion under rule 106 made by the individual defendants to dismiss the complaint for insufficiency, held the first cause of action to be sufficiently pleaded; but dismissed the second cause, with leave to replead, because of insufficiency of the allegations of fact to sustain the conclusion of damages. This court agrees with that conclusion, and the second cause of action is dismissed for insufficiency, with leave to replead within 10 days after service of the order to be entered herein. However, the motion for judgment on the pleadings and the motion to dismiss the first cause of action for insufficiency are both denied.
As the complaint now stands, the plaintiff’s motion to strike from the answer is granted as to paragraphs 7, 8, 9 and 10. They are clearly irrelevant and sham, and the order of Mr. Justice Brennan was no judgment on the merits. The motion to strike is also granted as to paragraph 6. It pleads a legal conclusion and is frivolous. In all other respects the motion to strike is denied. The remaining allegations in the answer which have been attacked are not prejudicial, sham, frivolous or scandalous. Settle order on notice.